```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS


MARKENO WALTER,                )
 Petitioner                    )
                               )
      v.                       )    06-CV-30188-MAP
                               )    03-CR-30028-MAP
UNITED STATES OF AMERICA,      )
 Respondent                    )
```

### MEMORANDUM AND ORDER REGARDING PETITIONER'S AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
#### (Dkt. No. 13)

#### October 15, 2008

**PONSOR, D.J.**

Petitioner was charged on a five-count indictment with possession of a firearm by a previously convicted felon, possession of ammunition by a previously convicted felon, possession of a firearm with an obliterated serial number (all occurring on June 28, 2002), and possession of a firearm and ammunition by a previously convicted felon (occurring on July 11, 2002). His first trial ended in a hung jury and a mistrial.

Following a second trial, Petitioner was found guilty on all five counts, and on May 27, 2004 he received a sentence of 188 months. This sentence was subsequently revised down to 180 months following a remand based upon new Supreme Court decisional law relating to the Sentencing Guidelines.

Petitioner initially claimed ineffective assistance of

counsel based partly upon the failure of his trial attorney to attempt to vacate the prerequisite state court convictions that formed the basis for his fifteen-year mandatory sentence. While this petition has been pending, however, attempts to vacate the state court convictions have proved unsuccessful; counsel has therefore dropped that aspect of the petition.

Petitioner now concentrates solely on the argument that his attorney at trial was ineffective because he failed to seek a limiting instruction with regard to certain taped statements made by a non-testifying government informant.

In order to assess this sole remaining claim, some background is necessary. The two purchases that led to Petitioner's conviction were choreographed by an F.B.I. agent using a civilian confidential informant, Terry Brown, who was Petitioner's cousin. At the first trial, which ended in the hung jury, both Brown and Petitioner testified. Following that trial, however, Brown was convicted of sexual misconduct with minors and, perhaps because of this, his testimony was not offered in person at the second trial. Instead, the government offered the taped conversations between Brown and Petitioner for the non-hearsay purpose of providing context for Petitioner's numerous inculpatory statements. This use of Brown's statements to provide context was upheld by the First Circuit on direct appeal. U.S. v. Walter, 434 F.3d 30, 34-35

(1st Cir. 2006). The nub of Petitioner's argument here, however, is that his trial attorney's representation was constitutionally deficient because he did not ask for a limiting instruction to the jury to the effect that these contextual statements could not be accepted for their truth.[1]

Following submission of this motion to vacate, Petitioner's trial attorney submitted an affidavit stating that, in his opinion, his failure to request a limiting instruction with regard to Brown's statement being offered purely as context constituted a mistake, and that he had no tactical reason for failing to seek the limiting instruction.

A key feature of Petitioner's trials, both the initial one that ended in a hung jury and the second that resulted in conviction, was that Petitioner never denied selling the firearms and ammunition offered by the government into evidence. His defense was that he was entrapped into committing the crimes. He argued that the government was unable to prove beyond a reasonable doubt that he was either <u>not</u> induced to make the sales by Brown, or that he had a predisposition to make the sales. The difficulty Petitioner faced in persuading the jury of his argument lay in the

---

[1] The court did give this limiting instruction with regard to certain statements made by Brown outside the presence of Walter, but defense counsel never asked for a limiting instruction relating to the statements used as context for Petitioner's remarks.

numerous statements of Petitioner himself, both at his original trial (when he did testify), and at his second trial (when he did not testify), when the jury heard the numerous taped remarks made to him by Brown during the sales.

The Supreme Court has made it clear that in order to obtain relief based on a claim of ineffective assistance of counsel, a petitioner must show, first, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984).

Second, Petitioner must demonstrate prejudice by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

In this case, it is not necessary to address the first aspect of Petitioner's burden. The court will assume that the failure to request the limiting instruction as to Brown's contextual statements did constitute an error sufficiently egregious to satisfy the first prong of the Strickland test.

However, even the most generous review of this record cannot begin to satisfy the second aspect of Strickland. The comments made by Brown, allowed by the court into evidence as context, even if mistakenly accepted by the jury substantively, were so minor in comparison with the numerous

floridly inculpatory statements made by Petitioner during the recordings, that no possibility of prejudice existed at Petitioner's trial resulting from his attorney's deficient performance. The jury heard Petitioner commenting at length to Brown regarding his possession of the two revolvers that were the subject of the indictment, as well as a .25 caliber revolver that he kept for himself. In these comments, he explicitly admitted purchasing the .25 caliber firearm, described the features of the .38 caliber firearm, and noted to Brown his problems with jamming the .25 caliber firearm, while audibly "dry firing" the pistol. Based upon the numerous comments of Petitioner, no reasonable jury could avoid the conclusion, beyond a reasonable doubt, that he had a predisposition to commit the crime he was charged with. The court simply cannot say that trial counsel's performance, assuming it was deficient, was so prejudicial as to "undermine confidence in the outcome of the trial." <u>Singleton v. United States</u>, 26 F.3d 233, 238 (1st Cir. 1994).

 For these reasons, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 is hereby DENIED, and the petition is hereby ordered DISMISSED. The clerk is ordered to enter judgment for Respondent. This case may now be closed.

 It is So Ordered.

/s/ Michael A. Ponsor
**MICHAEL A. PONSOR**
**U. S. District Judge**